UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CLAYTON CARROLL OWENBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos.: 2:12-CR-118-RLJ-MCLC |
| v. ) | 2:13-CR-21-RLJ-MCLC |
| ) | 2:14-CV-57-RLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Petitioner Clayton Carroll Owenby, pursuant to his guilty pleas, was convicted of one count of conspiracy to distribute Oxycodone, as alleged in the Indictment in case number 2:12-cr-118, and one count of threatening to retaliate against a witness, victim, or informant, as charged in the Indictment in case number 2:13-cr-021. For these offenses, Petitioner received two concurrent 135-month terms of imprisonment.

Thereafter, acting pro se, Petitioner filed this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, followed by an amended § 2255 motion [Docs. 323, 334].[1] Petitioner's motion was referred to the United States Magistrate Judge to conduct a hearing on the sole issue as to whether Petitioner specifically asked his attorney to file an appeal [Doc. 404]. Counsel was appointed to represent Petitioner at the hearing [*Id.*].

Now before the Court is Petitioner's counseled motion to withdraw his § 2255 motion and his amended § 2255 motion and to cancel the evidentiary hearing [Doc. 413]. Petitioner indicates that he understands that, in moving to withdraw his § 2255 motion, he is dismissing all claims raised therein.

---

[1] All citations to the Court record refer to Case No. 2:12-CR-118.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a movant may voluntarily dismiss an action without a court order by filing a notice of dismissal at any time prior to service by the adverse party of an answer or a motion for summary judgment. However, "except as provided in Rule 41(a)(1), an action may be dismissed at a movant's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a voluntary dismissal under Rule 41(a)(2) is discretionary with the court. *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994).

In this case, the United States filed a response and two supplemental responses to the § 2255 motion and amended § 2255 motion [Docs. 333, 382, and 402]. The first two responses opposed Petitioner's § 2255 motion and amended § 2255 motion, but the third response conceded that, due to a change in circumstances, he might be eligible for relief on his claim that counsel gave him ineffective assistance by failing to file an appeal [Doc. 402 p.1]. The changed circumstance was the demise of the attorney whom Petitioner alleged failed to file an appeal, which necessarily means that the attorney would be unavailable to offer rebuttal testimony to Petitioner's assertion that he directed counsel to file an appeal within the time for doing so [*Id.* at 2].

The United States has spent a good deal of time responding to the § 2255 motion and amended § 2255 motion. Accordingly, the Court will **GRANT** Petitioner's motion to dismiss this case voluntarily, but the dismissal will be with prejudice.

Likewise, the Court will **GRANT** Petitioner's request to cancel the evidentiary hearing now set for May 31, 2017.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge