UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Nos.: 2:12-CR-118 |
| | ) | 2:13-CR-021 |
| | ) | |
| CLAYTON CARROLL OWENBY | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [2:12-CR-118, doc. 344; 2:13-CR-021, doc. 59], which has been rendered moot by the supplemental motion filed by counsel. [2:12-CR-118, doc. 406; 2:13-CR-021, doc. 71]. The defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded, deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

## I.     Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated September 5, 2013, this court sentenced the defendant to concurrent 135-month terms of imprisonment as to Count One of Case Number 2:12-CR-118 (conspiracy to distribute oxycodone) and Count One of Case Number 2:13-CR-021 (threatening to retaliate against a witness). The defendant's guideline range was based on his oxycodone conviction, because the offense level for that crime was higher than the offense level for the retaliation offense. *See id.* § 3D1.3(a).

The guideline range was 121 to 151 months, with a total offense level of 31 and a criminal history category of II. The court imposed a sentence near the middle of that range after considering all of the applicable 18 U.S.C. § 3553(a) factors, specifically noting the severity of the defendant's conduct in these cases and his understated criminal history score. According to the Bureau of Prisons, the defendant is presently scheduled for release on February 24, 2025.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to the present defendant.

### III. Analysis

Applying Amendment 782, the defendant's new guideline range for the oxycodone offense is 97 to 121 months, based on a total offense level of 29 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.[2]

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction. The court will again impose a mid-range sentence for the reasons stated at the original sentencing hearing.

### IV. Conclusion

As provided herein, the defendant's *pro se* motion for sentence reduction [2:12-CR-118, doc. 344; 2:13-CR-021, doc. 59] is **DENIED AS MOOT**. The supplemental motion filed by counsel [2:12-CR-118, doc. 406; 2:13-CR-021, doc. 71] is **GRANTED**. The defendant's term of imprisonment is reduced to 108 months as to Count One of Case

---

[2] The reduced oxycodone offense level remains higher than the witness retaliation offense level. The defendant's guideline range is therefore still based on his controlled substance offense. *See* U.S.S.G. § 3D1.3(a).

Number 2:12-CR-118 and Count One of Case Number 2:13-CR-021, with such terms to be served concurrently for a net reduced sentence of **108 months**.

Except as expressly noted herein, all provisions of this court's judgment dated September 5, 2013, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge